CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
NOV 15 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00008-1 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| CHARLES VENTON MCGOVERN, | ) | |
| | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned an Indictment charging defendant in Count One with unlawfully, knowingly, and willfully combining, conspiring, confederating, and agreeing with others to commit offenses against the United States, to wit: falsely making or counterfeiting obligations of the United States, with intent to defraud, in violation of Title 18, United States Code, Sections 471 and 2; and passing, uttering, attempting to pass, attempting to utter, possessing or concealing counterfeited obligations of the United States, with intent to defraud, in violation of Title 18, United States Code, Sections 472 and 2, all in violation of Title 18, United States Code, Section 371.

On November 4, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment.

At this hearing the defendant was placed under oath and testified that his full legal name is Charles Venton McGovern, that he was born on April 21, 1979, and that he completed the tenth grade and received his GED. The defendant stated that he can read, write, and understand the

English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that, if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One, is five years imprisonment and a fine of $250,000, together with supervised release. The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his

counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

3

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court.[1] The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

In or about November 2003, law enforcement officers learned that counterfeit currency was being manufactured and distributed in Augusta County and Staunton area. Co-defendant Christina Smiley attempted to pass a counterfeit $20 bill in Staunton on November 14, 2003. Later that day, police conducted a car stop on a vehicle that had Smiley as a passenger. During the encounter, Smiley threw some drugs to the ground. She also attempted to hide some counterfeit bills that were recovered. (The bills are set forth in Count Two of the Indictment).

Police did a "knock and talk" at a residence where they believed that some of the individuals involved in the counterfeit currency scheme were living or staying. During this part of the investigation, co-defendant Jeremy Michael Cole attempted to flee out of the back of the residence with a canvas bag that contained counterfeit currency as charged in Count Three of the Indictment. Police received further information that Smiley and the defendant had apparently been staying at that residence during the preceding days.

---

[1] To the extent that the acts of Christina Bloom Smiley (McGovern) were included in his Factual Summary, defendant objected to the Factual Summary.

4

Another knock and talk was conducted at a different residence in Augusta County. An individual who fled from that location was apprehended and arrested for drug violations. When he was interviewed, he told investigators that he had received $240 in counterfeit notes from Smiley. He admitted to using the notes.

Officers executed a search warrant at a Staunton address where defendant had been renting a room as the sole renter. Various pieces of evidence, including computer equipment, art supplies, and cutting utensils, were found in his room. Some paint that was recovered was subsequently matched with the paint on counterfeit bills connected to this investigation. Counterfeit bills have been recovered from Augusta County businesses and from another individual.

Smiley was interviewed in November 2003 and June 2005 (when she was arrested). Smiley made statements that she was aware that counterfeit currency was being manufactured. In part, Smiley indicated that her co-defendants had recently purchased computer equipment and that she had provided some money for the purchase. Smiley admitted passing some bills and stated that the counterfeit money was being used to pay bills and expenses.

Defendant, when initially interviewed in November 2003, made denials and asked for a lawyer. When he was arrested in June 2005, he stated, in part, that he had bought the paper and co-defendant Cole bought the printer. Defendant further stated that he copied the bills, that Cole cut and trimmed them, and that Smiley passed them. Defendant denied passing any bills and denied having any intention to do so. He additionally claimed that another individual also copied bills. Defendant further acknowledged having previously had a "problem" with fake money in Texas, but claimed that he was unaware that the money was not real.

The conspiracy operated, at least in part, in the Western District of Virginia.

5

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1.  The defendant is fully competent and capable of entering an informed plea;

2.  The defendant is aware of the nature of the charges and the consequences of his plea;

3.  The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4.  The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. Sentencing will be set by the scheduling clerk for the presiding District Judge.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

11/15/05
Date